JAMES E. SMYTH II
Nevada Bar No. 6506
LISA J. ZASTROW
Nevada Bar No. 9727
KAEMPFER CROWELL
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone:  (702) 792-7000
Fax:          (702) 796-7181
jsmyth@kcnvlaw.com
**Attorneys for Defendants**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL R. MCMAHON, an individual, and ) <br> KRYSTAL R. MCMAHON, an individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WESTGATE RESORTS, INC., a Florida ) <br> Corporation; WESTGATE PLANET ) <br> HOLLYWOOD LAS VEGAS, LLC, a Florida ) <br> Limited Liability Company; DOES I-X; and ) <br> ROE COMPANIES I-X, inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:13-cv-02304-GMN-GWF <br><br><br> **DEFENDANTS' WESTGATE RESORTS, INC. AND WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

## MOTION

Defendants Westgate Resorts Inc. ("WRI") and Westgate Planet Hollywood Las Vegas LLC ("WPH") move this Court for an order dismissing Plaintiffs' Verified Complaint (the "Complaint") for failure to state a claim upon which relief can be granted, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, and in accordance with District of Nevada Local Rule 7-

2. Defendants' Motion should be granted because: 1) Count I of the Complaint fails to state a claim for Fraudulent Misrepresentation against WRI and WPH because the allegations lack particularity and are controverted by the express terms of the Parties' written agreement; 2) Count II of the Complaint fails to state a claim for Negligent Misrepresentation against WRI and WPH because the allegations conflict with the express terms of the Parties' written agreements; 3) Count III of the Complaint fails to state a claim for Unjust Enrichment against WRI and WPH because Unjust Enrichment is not a valid claim under Nevada law when the Parties have an express written agreement; 4) Count IV of the Complaint fails to state a claim for Rescission against WRI and WPH, because the allegations are vague and obscure, Plaintiffs fail to allege the terms of the agreements, and Plaintiffs failed to sue the timeshare sellers, Frank S. Lascano and Angelina I. Lascano,  whose rights would be adversely affected by rescission; 5) the entire complaint is unintelligible and violates Federal Rule of Civil procedure 10b because each count incorporates by reference the undifferentiated mass of prior allegations.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    **BACKGROUND**

In October 2012, Plaintiffs Michael and Krystal McMahon ("Plaintiffs") visited Las Vegas from their home in Texas.[1] While in Las Vegas, they chose to attend a timeshare presentation offered by Westgate Resorts, Incorporated.[2] While at the timeshare presentation, Plaintiffs decided to purchase a timeshare property owned by Frank S. Lascano and Angelina I.

---

1.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 7, pg. 2, Nov. 14, 2013.

2.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 10, pg. 3, Nov. 14, 2013.

Lascano (the "timeshare sellers").[3]  In order to effectuate this transaction, Plaintiffs assumed the loan of the timeshare sellers (the "loan assumption agreement").[4] The full description of the timeshare property purchased by Plaintiffs and its value are evident from the loan assumption agreement, which was duly recorded and is a matter of public record.[5] The timeshare sellers signed a limited power of attorney, also duly recorded and a matter of public record.[6]  The limited power of attorney provided WPH the power to act on behalf of the timeshare sellers in connection with the sale of the timeshare property.[7]

In the face of these facts, Plaintiffs now claim that WRI and WPH made fraudulent and/or negligent misrepresentations which induced Plaintiffs to purchase the timeshare property. Plaintiffs allege the two (2) central misrepresentations: (1) Defendants allegedly misrepresented the value of the timeshare property by telling Plaintiffs it was a good investment, it would appreciate in value, and that Plaintiffs would save money on vacations;[8] and (2) Defendants allegedly misrepresented the exchangeability of the timeshare unit by informing Plaintiffs they could get a "full week of vacation time in a one bedroom unit every year and that could be used at thousands of resort facilities around the world by exchanging through Interval International."[9]

Plaintiffs' Complaint attempts to assert four (4) causes of action against WRI and WPH for: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) unjust enrichment; and

---

3.     Loan Assumption Agreement, Exh. A to the Declaration of Richard Siegel and a duly recorded public record.
4.     *Id.*
5.     *Id.*
6.     Limited Power of Attorney (LPOA), Exh. B to Declaration of Richard Siegel, and a duly recorded public record.
7.     *Id.*
8.     DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 62, 75, pg. 10–11, Nov. 14, 2013.
9.     DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 61, 74, pg. 10–11, Nov. 14, 2013.

(4) rescission.[10] Although Plaintiffs seek rescission of all agreements regarding their timeshare purchase,[11] they chose not to sue the timeshare sellers, whose rights and interests would be adversely affected by such equitable relief. In addition, Plaintiffs failed to attach or plead the terms of any of their written agreements in their Complaint.

## ARGUMENT

### II.   LEGAL STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.[12] Dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.[13] When ruling on a motion to dismiss, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.[14] However, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.[15]

"A formulaic recitation of a cause of action" with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible,* not just possible.[16] "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule

---

10.    *Id.* at Counts I, II, III, and IV, pp. 9, 11-13.
11.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ln. 4, pg. 14, Nov. 14, 2013.
12.    *See North Star Int'l v. Ariz. Corp. Commn.,* 720 F.2d 578, 581 (9th Cir.1983).
13.    *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
14.    *See NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).
15.    *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *Wagoner v. Mortgage Electronic Registration Systems, Inc.,* 2013 WL 1249628, at *2 (D. Nev. March 27, 2013).
16.    *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555) (emphasis added).

12(b)(6) motion . . . ."[17] However, material which is "properly submitted as part of the complaint may be considered on a motion to dismiss."[18] Similarly, documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment.[19] In addition, under Federal Rule of Evidence 201, courts are free to take judicial notice of matters of public record.[20] In this action, matters of public record would include recorded documents such as the timeshare loan assumption agreement[21] and the Limited Power of Attorney granted to WPH by the timeshare sellers.[22] Leave to amend should be denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.[23]

---

17. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir.1990) (citations omitted); *see also Wagoner,* 2013 WL 1249628, at *3.

18. *Hal Roach Studios, Inc.,* 896 F.2d at 1555 n.19 (citations omitted); *see also Wagoner,* 2013 WL 1249628, at *3.

19. *In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)("Documents whose contents are alleged in a complaint and whose authenticity no party questions , but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) Motion to Dismiss."); *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994) (holding that court's use of deposition and affidavit when ruling on 12(b)(6) motion was proper when these documents were mentioned in Plaintiff's Complaint), *overruled on other grounds,* *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Intri–Plea Technology, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Wagoner,* 2013 WL 1249628, at *3 (same); *Mackovska v. Recontrust Co., N.A.,* 2013 WL 2152697, at *1 n.1 (D. Nev., May 16, 2013)("the court judicially recognizes all properly recorded documents," including deeds of trust).

20. *Martinez v. Astrue,* 256 F. App'x 75, 79 n.2 (9th Cir. 2007) (recognizing that a court may take judicial notice of public records).

21. Loan Assumption Agreement, Exh. A to the Declaration of Richard Siegel, and a duly recorded public record.

22. Limited Power of Attorney (LPOA), Exh. B to Declaration of Richard Siegel, and a duly recorded public record.

23. *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.1992); *Wagoner,* 2013 WL 1249628, at *3.

### III. PLAINTIFFS' CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION LACKS PARTICULARITY AND MUST BE DISMISSED FOR VIOLATING FEDERAL RULE OF CIVIL PROCEDURE 9(b).

In Nevada, to state a cause of action for fraud or intentional misrepresentation, a plaintiff must allege: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance.[24] A claim of "fraud or mistake" must be alleged "with particularity."[25] A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved.[26] In addition, the plaintiff "must set forth what is false or misleading about a statement, and why it is false."[27] In other words, "the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."[28] Finally, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.[29]

Plaintiffs' allegations cannot survive a motion to dismiss for several reasons:  The first cause of action in the Complaint, for fraudulent misrepresentation, incorporates by reference "paragraphs one (1) through fifty-eight (58)" and alleges that the "Defendants, and each of them, made false representations to the McMahons . . . relating to the timeshare sale as set forth in

---

24.  *See Nelson v. Heer*, 123 Nev. 217, 163 P.3d 420, 426 (Nev. 2007).
25.  FED. R. CIV. P. 9(b).
26.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).
27.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir.1999).
28.  *Id.*
29.  *Id.*

paragraphs six (6) through fifty-eight (58) above."[30] This allegation is unintelligible and improperly requires Defendants to speculate which paragraphs, from 6 through 58, contain allegations relevant to purported "fraudulent misrepresentations" being made by either or both "Defendants." Plaintiffs must allege fraud with particularity, and such an allegation renders the entire claim unintelligible; it thus cannot survive a motion to dismiss.

Second, the allegations in the first cause of action fail to identify the time, place, and specific content of the alleged false representations and the identities of the parties involved.[31] For example, paragraph 60 alleges:

> The Defendants, and each of them, made false representations to the McMahons concerning **(1)** the value of the timeshare the McMahons were purchasing; (2) the ability of the McMahons to use and exchange the timeshare; and **(3)** other matters relating to the timeshare sale as set forth in paragraphs six **(6)** through fifty-eight **(58)** above.[32]

This allegation fails to identify the time, place, and specific content of the alleged false representations and the identities of the parties involved. Similarly, paragraph 61 fails for the same reasons. Paragraph 61 states:

> The Defendants specifically represented to the McMahons that they would be getting one **(1)** full week of vacation time in a two bedroom unit every other year that could easily be exchanged for one **(1)** full week of vacation time in a one bedroom unit every year and that could be used at thousands of resort facilities around the world by exchanging through Interval International.[33]

No mention is made of the time, place, and identity of the individual(s) making the statement or on which "Defendants" behalf any such individual was acting.

---

30.  DE: 1, Defendants' Notice of Removal Ex. A, Pls.' Compl., ¶¶ 59-60, pg. 9, Nov. 14, 2013.
31.  *See Swartz,* 476 F.3d at 764.
32.  DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 60, pg. 9, Nov. 14, 2013.
33.  DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 61, pg. 9–10, Nov. 14, 2013.

Third, the allegations cannot survive a motion to dismiss because Plaintiffs merely assert "the Defendants knew or believe that the representations they made to the McMahons were false . . . .," without explaining why. This general assertion cannot satisfy rule 9(b).  For each specific misrepresentation, the plaintiff "must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."[34]

Fourth, the allegations improperly lump defendants together without identifying which "Defendant" is subject to the allegation.   For example, paragraph 60 asserts "the Defendants, and each of them, made false representations to the McMahons . . . ." Paragraph 61 alleges "The Defendants specifically represented. . . . ."  Paragraph 62 similarly alleges "The Defendants also specifically represented. . . ." Rule 9(b) does not allow a complaint to lump multiple defendants together, but instead requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.[35]

Based upon the foregoing, Count I of Plaintiffs' Complaint must be dismissed.

**IV.  PLAINTIFFS' CAUSES OF ACTION FOR FRAUDULENT AND NEGLIGENT MISREPRESENTATION MUST BE DISMISSED BECAUSE OPINIONS REGARDING VALUE ARE NON-ACTIONABLE, AND ALLEGED MISREPRESENTATIONS WHICH CONFLICT WITH THE WRITTEN AGREEMENTS' EXPRESS TERMS CANNOT STATE A CLAIM FOR RELIEF.**

Plaintiffs' first and second causes of action for fraudulent misrepresentation and negligent misrepresentation must be dismissed without leave to amend. Plaintiffs allege that Defendants' purported fraudulent and negligent misrepresentations were made with the intent to

---

34. *Yourish*, 191 F.3d at 993 n.10.
35. *Id.*

induce Plaintiffs into purchasing a timeshare.[36]   According to Plaintiffs, the alleged

"misrepresentations" involved: (1) the value of the timeshare Plaintiffs were purchasing; and (2)

their ability to exchange their timeshare property.   Neither will support a cause of action for

fraudulent or negligent misrepresentation under the circumstances.

### A.   Statements Regarding Value of the Timeshare Property Are Non-actionable Opinion.

According to Plaintiffs, a key misrepresentation involved the value of the timeshare

property they were purchasing.  Regarding value, in paragraph 62 of their first cause of action for

fraudulent misrepresentation, Plaintiffs allege:

> The Defendants also specifically represented to the McMahons that the McMahons were receiving an exceptional deal on their purchase, that such good deals were not typically available, that the McMahons would save thousands of dollars on vacation costs by purchasing the timeshare, and that the timeshare would appreciate significantly in value over the years.[37]

The same allegation is made, almost verbatim, as a basis for Plaintiffs' second cause of action for

negligent misrepresentation.[38]   As this Court has recognized on several occasions, such

statements regarding value are mere opinion, and they will not support a claim for fraudulent or

negligent misrepresentation under Nevada law.[39] Nevada law simply does not permit a claim of

---

36.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 65, 73, pg. 10–11, Nov. 14, 2013.

37.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 62, pg. 10, Nov. 14, 2013.

38.   *See* DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 75, pg. 11, Nov. 14, 2013.

39.   *Tai-Si Kim v. Kearney,* 838 F. Supp. 2d 1077, 1098 (D. Nev. 2012); *Sardinas v. Geithner,* 2010 WL 3025601, at *2 (D. Nev., July 30, 2010); *Clark Sanitation, Inc. v. Sun Valley Disposal Co.*, 87 Nev. 338, 487 P.2d 337, 339 (1971).

fraud based on a representation of value because it is an opinion or estimate about which reasonable persons could disagree.[40]

Further, at minimum, such value statements constitute non-actionable sales puffery. Under the law of the Ninth Circuit, whether an alleged misrepresentation is a "statement of fact" or is instead non-actionable "puffery" is a legal question that may be resolved on a Rule 12(b)(6) motion.[41]  The law recognizes that consumer reliance is induced by specific rather than general assertions.[42]  "Thus, a statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery."[43] Here, statements that the timeshare property was a "good deal," that the property investment would "appreciate over time," and that Plaintiffs would "save money on their vacations" were not specific or quantifiable.  Instead, such statements are subjective puffery.  As this Court has stated:

> [A]lleged misrepresentations concerning the value of the subject property are not actionable because they were statements of opinion, not fact. . . . Expressions of opinion are not representations of fact, and cannot be the basis for a fraud claim. [44]

As such, Plaintiffs' first and second causes of action must be dismissed.

**B.    Alleged Statements Regarding  the Exchangeability of the Timeshare Property Purchased by Plaintiffs Cannot Support Misrepresentation Claims Because They are Directly Contradicted by the Express Terms of the Written Agreements.**

The other basis of Plaintiffs' causes of action for fraudulent and negligent misrepresentation involves Plaintiffs' ability to exchange their timeshare property through

---

40.    *Tai-Si Kim*, 838 F. Supp. 2d at 1098 (citing *Clark Sanitation, Inc. v. Sun Valley Disposal Co.,* 87 Nev. 338, 487 P.2d 337, 339 (1971)).

41.    *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008).

42.    *Id.* at 1053.

43.    *Id.*

44.    *Sardinas v. Geithner*, 2010 WL 3025601, at *2 (D. Nev., July 30, 2010).

Interval International.[45] Plaintiffs' causes of action must fail because the express terms of the agreements reveal no fraud or misrepresentation took place. Indeed, the agreements actually directly contradict Plaintiffs' allegations. In paragraph 61, Plaintiffs allege:

> The Defendants specifically represented to the McMahons that they would be getting one **(1)** full week of vacation time in a two bedroom unit every other year that could easily be exchanged for one **(1)** full week of vacation time in a one bedroom unit every year and that could be used at thousands of resort facilities around the world by exchanging through Interval International.[46]

The same allegation was also incorporated into and specifically repeated, almost verbatim, as a basis for Plaintiffs' negligent misrepresentation claim.[47] The Supreme Court of Nevada has ruled that such misrepresentations in the inducement of a contract "cannot be something that conflict with the contract's express terms."[48] Plaintiffs transparently attempt to avoid dismissal pursuant to this rule by refusing to attach and incorporate their agreements with WRI and WPH to the Complaint. However, as stated above, documents mentioned in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) Motion to Dismiss.[49] Plaintiffs' Complaint does mention

---

45. DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 22,61, 74, pgs. 4, 10–11, Nov. 14, 2013. Interval International, Inc., is a Florida Corporation offering an exchange service for use by its members, and in certain circumstances other travel and leisure benefits. Interval International Terms and Conditions, ¶1, Exh. D to Declaration of Richard Siegel.

46. DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 61, pg. 10, Nov. 14, 2013.

47. DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 74, pg. 11, Nov. 14, 2013.

48. *Road and Highway Builders, LLC v. N. Nev. Rebar*, 284 P.3d 377, 381 (Nev. 2012); *see also JSA LLC v. Golden Gaming, Inc.*, 2013 WL 5437333, * 3 (Nev. 2013).

49. *In re Stac Electronics Securities Litigation*, 89 F.3d at 1405 n.4; *Branch,* 14 F.3d at 454 (holding that court's use of deposition and affidavit when ruling on 12(b)(6) motion was proper when these documents were mentioned in Plaintiff's Complaint), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Intri–Plea Technology, Inc.*, 499 F.3d at 1052 ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Wagoner,* 2013 WL 1249628, at *3

Plaintiffs' separate membership agreement with Interval International[50] and Plaintiffs' timeshare purchase agreement[51]; therefore, this Court is free to examine these documents when ruling on this Motion to Dismiss.[52]

Plaintiffs' allegations that the exchangeability of their timeshare property was misrepresented to them are controverted by the clear language of the purchase agreement they signed. Plaintiffs admit that they were told that the exchange program, which is central to Plaintiffs' misrepresentation allegations, was with Interval International, not WRI or WPH.[53] Paragraph 22 of Plaintiffs' Complaint asserts:

> Defendants' agents further represented to the McMahons that if they purchased the timeshare from Defendants they would be able to exchange their unit at the Westgate Flamingo Bay Resort for a week of time at thousands of resorts around the world **through Interval International** benefits.[54]

The "Acknowledgment and Disclosure Statement, LV Tower 52 Vacation Suites" which was signed by both Plaintiffs on October 14, 2012, and which is a part of the purchase agreement

---

(same); *Mackovska*, 2013 WL 2152697, at *1 n.1 ("the court judicially recognizes all properly recorded documents," including deeds of trust).

50.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 22, 55, pgs. 4, 9, Nov. 14, 2013.

51.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 17, pg. 4, Nov. 14, 2013. Plaintiffs' cause of action for Rescission also seeks to rescind the purchase agreement. *Id.* at ¶¶ 88-92, pg. 13, and Prayer 14:4.

52.    *In re Stac Electronics Securities Litigation*, 89 F.3d at 1405 n.4; *Branch,* 14 F.3d at 454 (holding that court's use of deposition and affidavit when ruling on 12(b)(6) motion was proper when these documents were mentioned in Plaintiff's Complaint), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Intri–Plea Technology, Inc.*, 499 F.3d at 1052 ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Wagoner,* 2013 WL 1249628, at *3 (same); *Mackovska,* 2013 WL 2152697, at *1 n.1 ("the court judicially recognizes all properly recorded documents," including deeds of trust).

53.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 22, 61, 74, pgs. 4, 10–11, Nov. 14, 2013.

54.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 22, pg. 4, Nov. 14, 2013 (emphasis added).

mentioned in Plaintiffs' Complaint[55], states that WPH was the Lender for the loan and was only

providing Plaintiffs a "**One (1) Year Membership** in Interval Gold Program" as a benefit.[56] The

Acknowledgment and Disclosure Statement also states that "The Interval Gold Program is

provided by Interval International **which is independent of and not affiliated with**

**Westgate**."[57] The Disclosure clearly indicates WRI and WPH does not fulfill the Interval

International benefits: "The fulfillment of your incidental benefits is **provided by Interval**

**International and not Westgate**."[58] The Disclosure further states:

> One (1) year membership in the Interval Gold Program is a benefit offered to
> prospective purchasers who purchase a timeshare interest at the Resort and
> assume an existing loan in favor of Westgate. **This benefit is available for your**
> **use for one (1) year** after the date of your enrollment as an interval Gold
> Member. The availability of the incidental benefit **may or may not be renewed**
> **or extended.  You should not purchase an interest in the timeshare plan in**
> **reliance upon continued availability or renewal or extension of this benefit.**[59]

Thus, Plaintiffs' allegations that that the exchange program was misrepresented to them

are contradicted by the written agreements Plaintiffs signed.  They had a one year membership in

the exchange program, nothing more. They had no basis to rely on continued membership, and

they were told so. Further, WRI and WPH have no control over the exchange program or its

features, because the program is owned, operated and controlled by Interval International Inc., a

separate corporate entity.   Plaintiffs' misrepresentation claims are groundless.

Finally, Plaintiffs' allegations that the exchange program was misrepresented to them is

also directly controverted by the "Individual Membership Enrollment Application" for Interval

---

55.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 17, pg. 4, Nov. 14, 2013.  Plaintiffs' cause of action for Rescission also seeks to rescind the purchase agreement. *Id.* at ¶¶ 88-92, pg. 13, and Prayer 14:4 (emphasis added).

56.    Acknowledgment and Disclosure Statement, Exh. C to Declaration of Richard Siegel (emphasis added).

57.    *Id.* (emphasis added).

58.    *Id.* (emphasis added).

59.    *Id.* (emphasis added).

International sets for the "Terms and Conditions of Individual Membership and exchange".[60] Plaintiffs mention this application in their Complaint, and admit that they paid a separate membership fee to Interval International.[61] Therefore, the Court is free to examine this document when ruling on this Motion to Dismiss.[62] The Terms and Conditions of Plaintiffs' membership with Interval International, paragraph 2, states: " The individual membership application and the terms and conditions contained therein is the individual member's contract with II [Interval International] which is a **separate and distinct contract from the contract with the developer or seller of the Vacation interest**."[63]   The Terms and Conditions for Interval International also state, in bold print and all capital letters: "NO DEVELOPER, MARKETER, OR SALESPERSON OF ANY MEMBER RESORT IS AN AGENT FOR OR A JOINT VENTURER WITH II [INTERVAL INTERNATIONAL]."[64] Paragraph six (6) of the Terms and Conditions states "[s]aid benefits and the terms of use may be changed, substituted, or eliminated without prior notice."[65]   Similarly, paragraph nine (9) states "Representations concerning Individual Membership and the Exchange Program are limited to materials supplied or otherwise provided by II [Interval International] ALL OTHER REPRESENTATIONS ARE NOT VALID

---

60.   Interval International Terms and Conditions, Exh.D to Declaration of Richard Siegel.

61.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 22,55, pgs. 4, 9, Nov. 14, 2013 (emphasis added).

62.   *In re Stac Electronics Securities Litigation*, 89 F.3d at 1405 n.4; *Branch*, 14 F.3d at 454 (holding that court's use of deposition and affidavit when ruling on 12(b)(6) motion was proper when these documents were mentioned in Plaintiff's Complaint), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Intri–Plea Technology, Inc.*, 499 F.3d at 1052 ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Wagoner*, 2013 WL 1249628, at *3 (same); *Mackovska*, 2013 WL 2152697, at *1 n.1 ("the court judicially recognizes all properly recorded documents," including deeds of trust).

63.   *Id.* at ¶ 2.
64.   *Id.* at ¶ 5.
65.   *Id.* at ¶ 6.

OR BINDING ON II [INTERVAL INTERNATIONAL]."[66]  Further, the Terms also state "the Exchange Privilege should not be the primary reason for purchasing a Vacation Interest. . . ."[67] Plaintiffs' also signed a "Limitation on Exchanges for Partial Week Owners" regarding their Interval International membership; it also was referred to in Plaintiffs' Complaint.[68] It states "Specifically, there is no right to make an exchange into another Interval International affiliated resort, unless Purchaser owns at least a continuous seven (7) days use period."[69]

Thus, the express terms of the Interval International Membership Agreement signed by Plaintiffs controverts Plaintiffs own allegations of misrepresentation.  Based on the above documents, Plaintiffs' allegations that WRI and WPH specifically represented to the McMahons that they would be able to exchange their unit every year is directly contradicted.  Interval International owns and controls the exchange program, not WRI or WPH.   The purchase agreement clearly indicates that WPH gave Plaintiffs a one year membership to Interval International, the exchange benefit was for one year only, and there is no right to make an exchange into another Interval International affiliated resort unless Purchaser owns at least a continuous seven (7) days use period.  In addition, the documents clearly state that all terms and conditions of the exchange program are set by Interval International, not Westgate.   The documents also state that Interval International and Westgate are separate companies, and neither acts as agent for the other.   Finally, the documents clearly state that only representations regarding the Exchange Program made by Interval International in its written materials may be relied upon.    Therefore, Plaintiffs' first and second causes of action, for fraudulent

---

66.    *Id.* at ¶ 9.
67.    *Id.* at ¶ 10(c).
68.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 51, pg. 8, Nov. 14, 2013.
69.    Limitation on Exchanges for Partial Week Owners, paragraph 1, Exh. E to Declaration of Richard Siegel.

misrepresentation and negligent misrepresentation, are contradicted by the terms of the written agreements between the parties.  As a result, Plaintiffs fail to state claims for fraudulent and negligent misrepresentation.

### V.   PLAINTIFFS' CAUSE OF ACTION FOR UNJUST ENRICHMENT FAILS AS A MATTER OF LAW BECAUSE THERE ARE EXPRESS WRITTEN AGREEMENTS BETWEEN THE PARTIES.

An action based on a theory of unjust enrichment is not available when there is an express, written contract, because "no agreement can be implied when there is an express agreement."[70] "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]."[71]

In the instant case, Plaintiffs allege in their complaint that written agreements exist between the Parties.[72]  In fact, Plaintiffs' entire lawsuit is filed because Plaintiffs seek to avoid their contractual obligations and wish to rescind their mortgage and purchase agreement for their timeshare property.  To that end, Plaintiffs' Complaint seeks rescission of the written agreements

---

70.    *Wagoner*, 2013 WL 1249628, at * 5; *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 113 Nev. 747, 756-57, 942 P.2d 182, 187 (Nev. 1997); 66 AM. JUR. 2D RESTITUTION § 6 (1973).

71.    *Leasepartners Corp.*, 113 Nev. at 756-57, 942 P.2d at 187 (quoting 66 Am. Jur. 2d *Restitution* § 11 (1973)); *see Lipshie v. Tracy Investment Co.,* 93 Nev. 370, 379, 566 P.2d 819, 824 (1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles.").

72.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 17, 46, 51, 53, 83, 89, 92, pg. 4, 7–8, 12–13, Nov. 14, 2013. The Prayer also seeks rescission of these agreements. *Id.* at Prayer, pg. 14, line 4.

between the parties.[73]   Therefore, Plaintiffs' cause of action for unjust enrichment, which is set forth as the third cause of action in their Complaint, must be dismissed without leave to amend.

### VI.   PLAINTIFFS' CAUSE OF ACTION FOR RESCISSION MUST BE DISMISSED BECAUSE THE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST WRI AND WPH.

The fourth cause of action, for rescission, fails to state a claim against WRI and WPH. Plaintiffs' rescission claim fails to give fair notice of the facts supporting the allegations and, therefore, is merely conclusory. Moreover, the allegations are vague, ambiguous and obscure. Plaintiffs allege that "Defendants engaged in both fraudulent misrepresentation and negligent representation in inducing the McMahons to contract for the purchase of the PH Towers Westgate timeshare . . . ."[74] Additionally, Plaintiffs allege that "[a]s a result of the Defendants' acts, the McMahons have suffered serious economic and emotional harm."[75] Plaintiffs have not alleged specific acts by either WRI or WPH, individually, to allow a proper response or defense. Additionally, Plaintiffs' incorporate all facts and causes of action into Plaintiffs' rescission claim; however, Plaintiffs fail to illustrate how, for example, the unjust enrichment claim intertwines with the rescission claim.[76] As a result, the Defendants cannot prepare a proper response.

Plaintiffs' rescission claim also must be dismissed because Plaintiffs have not alleged the terms of the contract to be rescinded.   Rescission is an equitable remedy "that allows an aggrieved party to a contract to abrogate totally, or cancel, the contract, with the final result that

---

73.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶¶ 88-92, pg. 13, Nov. 14, 2013; *Id.* at pg. 14, lin. 4.
74.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 89, pg. 13, Nov. 14, 2013.
75.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 90, pg. 14, Nov. 14, 2013.
76.   DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 88, pg. 13, Nov. 14, 2013.

the parties are returned to the position they occupied prior to formation of the contract."[77] Plaintiffs request rescission on the basis of fraudulent and negligent misrepresentation which induced them to enter the contract.[78] However, Plaintiffs neither allege the key contract terms in their Complaint, nor attach the contract to the Complaint. How can Plaintiffs seek this Court's equitable power to nullify a contract based on a fraudulent inducement, without even mentioning the terms of the contract in the pleadings?  It is logical that when a plaintiff seeks rescission, they must allege the existence of the contract to be rescinded, including its terms.[79] In this case, Plaintiffs have failed to do so. Instead, Plaintiffs make vague references to multiple agreements, many of which do not even involve WRI and WPH, and seek equitable relief by "rescinding all contracts."[80] Therefore, Plaintiffs' cause of action for rescission is fatally flawed and must be dismissed.

Finally, Plaintiffs are not entitled to rescission because they have not sued the central parties to the sales contract whose rights would be adversely affected by rescission: namely, the timeshare sellers.  Perhaps Plaintiffs did not allege the terms of the contract to hide a crucial fact: Plaintiffs acquired the timeshare from its original owners, not WRI or WPH, and assumed the

---

77.    *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 113 Nev. 346, 354, 934 P.2d 257, 262 (Nev. 1997).

78.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 89, pg. 13, Nov. 14, 2013.

79.    *Nevada Mining & Exploration Co. v. Rae*, 47 Nev. 173, 223 P. 825, 827 (1924) (holding that "this rule properly applied means that the real contract must be pleaded, because a court cannot rescind a contract which was never entered into, but which is the figment of some one's mind."); *see also Altman v. PNC Mortgage*, 850 F. Supp. 2d 1057, 1079 (E.D. Cal. 2012) (reasoning that when a Plaintiff relies on a written contract, they must "attach the written contract or plead its terms verbatim); *Mackovska*, 2:12-CV-421 JCM CWH, 2013 WL 2152697, at *3.

80.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., Prayer, pg. 14, line 4, Nov. 14, 2013.

original purchase money mortgage loan of the timeshare sellers.[81] The full description of the property purchased and its value are evident from the loan assumption agreement.[82] The loan assumption agreement is duly recorded and a matter of public record.  The Lascanos signed a limited power of attorney, also duly recorded and a matter of public record, which granted a limited power of attorney to Westgate Planet Hollywood LLC, to act on the Lascanos behalf to sell the property.[83] Because these documents are matters of public record, this Court is free to examine them when ruling on this 12(b)(6) motion.[84] Although Plaintiffs seek rescission of all agreements regarding the timeshare, they chose not to sue the timeshare sellers, whose rights and interests would be adversely affected by such relief. As such, because Plaintiffs failed to sue the sellers who are vital parties to any rescission action, and because Plaintiffs failed to plead the terms of the contract, dismissal of the rescission cause of action is required.

**VII.   PLAINTIFFS' ENTIRE COMPLAINT IS UNINTELLIGABLE AND VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 10(b) BECAUSE EACH COUNT INCORPORATES BY REFERENCE THE UNDIFFERENTIATED MASS OF PRIOR ALLEGATIONS.**

Plaintiffs' Complaint is completely unintelligible and makes a proper response impossible. Each of Plaintiffs' four causes of action incorporates all prior allegations, reducing

---

81.    Loan Assumption Agreement, Exh. A to the Declaration of Richard Siegel, and a duly recorded public record.

82.    *Id.*

83.    Loan Assumption Agreement, Exh. A to the Declaration of Richard Siegel, and a duly recorded public record.

84.    *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Branch,* 14 F.3d at 454 (holding that court's use of deposition and affidavit when ruling on 12(b)(6) motion was proper when these documents were mentioned in Plaintiff's Complaint), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Intri–Plea Technology, Inc.*, 499 F.3d at 1052 ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Wagoner,* 2013 WL 1249628, at *3 (same); *Mackovska*, 2013 WL 2152697, at *1 n.1 ("the court judicially recognizes all properly recorded documents," including deeds of trust).

the pleading to an undifferentiated mass of allegations. Plaintiffs' cause of action for Fraudulent misrepresentation incorporates allegations from paragraphs one through fifty-eight.[85] Plaintiffs count for negligent misrepresentation incorporates paragraphs one through sixty-nine, which includes the count for fraudulent misrepresentation.[86] Plaintiffs' count for unjust enrichment incorporates paragraphs one through eighty, which includes both counts for fraudulent and negligent misrepresentation.[87] Finally, Plaintiffs' count for rescission incorporates paragraphs one through eighty-seven, which includes the counts for fraudulent and negligent misrepresentation and unjust enrichment.[88] The result is a mass of undifferentiated allegations that is unintelligible and which violates Federal Rule of Civil Procedure 10(b), which requires separate and distinct claims.[89]

A similar defect resulted in dismissal of a Complaint in *Hanks v. Andrews*.[90] In *Hanks*, Plaintiff attempted to allege ten causes of action in his Second Amended Complaint, but each Count merely incorporated by reference the undifferentiated mass of prior allegations in the entire complaint.[91] By thus intermingling essentially all substantive allegations, the court found that Hanks did not comply with Rule 10(b), which states, "[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count

---

85.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 59, pg. 9, Nov. 14, 2013.
86.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 70, pg. 11, Nov. 14, 2013.
87.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 81, pg. 12, Nov. 14, 2013.
88.    DE: 1, Defendants' Notice of Removal Ex. A, Pls.'Compl., ¶ 88, pg. 13, Nov. 14, 2013.
89.    Fed. R. Civ. P. 10(b).
90.    *Hanks v. Andrews*, CV 05-2275-PHX-NVW, 2006 WL 1371625, *2 (D. Ariz. May 15, 2006).
91.    *Id.*

or defense whenever a separation facilitates the clear presentation of the matters set forth."[92] The Defendants were left to guess about which of the 226 paragraphs of general allegations related to each claim for relief."[93] The same is true of the McMahons' Complaint in this action.   By mingling all allegations together into one mass, WRI and WPH also are left to guess which paragraph relates to each claim for relief.  Plaintiffs' claims are not set forth in separate counts. Therefore, Plaintiffs violated Rule 10(b), and this Court should grant WRI's and WPH's Motion to Dismiss.

## VIII.   CONCLUSION

Based upon the foregoing, WRI and WPH hereby request that this Court grant their motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: 1/3/14

Respectfully Submitted,

JAMES E. SMYTH II
Nevada Bar No. 6506
KAEMPFER CROWELL
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone:      (702) 792-7000
Fax:      (702) 796-7181
jsmyth@kcnvlaw.com

---

92.    *Id.*
93.    *Id.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 6th day of January, 2014. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

_____
Catherine A. Ricci

## SERVICE LIST

CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
chaz@raineydevine.com
JENNIFER J. HURLEY, ESQ.
Nevada Bar No. 11817
Jennifer@raineydevine.com
THE LAW FIRM OF RAINEY DEVINE
8915 S. Pecos Road, Ste. 20A
Henderson, Nevada 89074
Telephone: 702.425.5100
Facsimile:  888.867.5734

*Attorneys for Plaintiffs*